1
2
3
4
5
6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7
8
9
10
11
12

| | |
|---|---|
| ANTHONY L. LLOYD,<br><br>                    Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN,<br><br>                    Defendant. | NO:  CV-13-3030-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

13
14
15
16
17
18
19

        BEFORE THE COURT are the parties' cross motions for summary

judgment. ECF Nos. 17 and 22. This matter was submitted for consideration

without oral argument. Plaintiff was represented by D. James Tree. Defendant was

represented by Leisa A. Wolf. The Court has reviewed the administrative record

and the parties' completed briefing and is fully informed. For the reasons discussed

below, the court grants Defendant's Motion for Summary Judgment and denies

Plaintiff's Motion for Summary Judgment.

20

## JURISDICTION

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 1

1    Plaintiff Anthony L. Lloyd protectively filed for supplemental security

2    income ("SSI") on September 29, 2009. Tr. 120-123. Plaintiff initially alleged an

3    onset date of July 15, 2003, but the onset date was amended to September 29, 2009

4    at the hearing. Tr. 42.  Benefits were denied initially (Tr. 72-75) and upon

5    reconsideration (Tr. 79-81). Plaintiff requested a hearing before an administrative

6    law judge ("ALJ"), which was held before ALJ Caroline Siderius on September 7,

7    2011. Tr. 37-63. Plaintiff was represented by counsel and testified at the hearing.

8    *Id*.  Medical expert Minh Vu, M.D testified. Tr. 43-47. Vocational expert K. Diane

9    Kramer also testified. Tr. 57-62. The ALJ denied benefits (Tr. 19-36) and the

10   Appeals Council denied review. Tr. 1. The matter is now before this court pursuant

11   to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

13       The facts of the case are set forth in the administrative hearing and

14   transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner,

15   and will therefore only be summarized here.

16       Plaintiff was 46 years old at the time of the hearing. Tr. 39. He has at least a

17   high school education. Tr. 30. He was in federal prison in 1990 (Tr. 55) and was

18   also incarcerated in 2009 (Tr. 343). Plaintiff currently resides with his six year old

19   daughter and her mother. Tr. 55-56. His most recent employment was temporary

20   labor work moving gravel. Tr. 57. Previous employment included janitor, auto

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 2

1    detailer, and pest control technician. Tr. 58-59. Plaintiff alleges disability based on

2    type one diabetes and the resulting neuropathy and pain in his feet. Tr. 48-53. He

3    testified that he can only stand for 15 minutes without taking a break and elevating

4    his legs; and can only sit for 15 minutes before he needs to walk around and stretch

5    out his legs. Tr. 48-49.

6                                **STANDARD OF REVIEW**

7            A district court's review of a final decision of the Commissioner of Social

8    Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

9    limited: the Commissioner's decision will be disturbed "only if it is not supported

10   by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153,

11   1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means

12   relevant evidence that "a reasonable mind might accept as adequate to support a

13   conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently,

14   substantial evidence equates to "more than a mere scintilla[,] but less than a

15   preponderance." *Id.* (quotation and citation omitted). In determining whether this

16   standard has been satisfied, a reviewing court must consider the entire record as a

17   whole rather than searching for supporting evidence in isolation. *Id.*

18           In reviewing a denial of benefits, a district court may not substitute its

19   judgment for that of the Commissioner. If the evidence in the record "is susceptible

20   to more than one rational interpretation, [the court] must uphold the ALJ's findings

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 3

if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

1    404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner

2    considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

3    416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the

4    Commissioner must find that the claimant is not disabled. 20 C.F.R. § §

5    404.1520(b); 416.920(b).

6         If the claimant is not engaged in substantial gainful activities, the analysis

7    proceeds to step two. At this step, the Commissioner considers the severity of the

8    claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the

9    claimant suffers from "any impairment or combination of impairments which

10   significantly limits [his or her] physical or mental ability to do basic work

11   activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c);

12   416.920(c). If the claimant's impairment does not satisfy this severity threshold,

13   however, the Commissioner must find that the claimant is not disabled. *Id.*

14        At step three, the Commissioner compares the claimant's impairment to

15   several impairments recognized by the Commissioner to be so severe as to

16   preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

17   404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more

18   severe than one of the enumerated impairments, the Commissioner must find the

19   claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 5

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § §

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § § 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir.2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 29, 2009, the alleged onset date. Tr. 24. At step two, the ALJ found Plaintiff has the following severe impairments: diabetes (insulin dependent). Tr. 24. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1. Tr. 24. The ALJ then found that Plaintiff had the RFC

> to perform less than light work as defined in 20 C.F.R. § 416.967(b) except the claimant was limited to standing and walking up to four hours a day at no more than 30 minute intervals at a time without being able to sit down. Furthermore, the claimant could occasionally push, pull, and use foot pedals with both legs occasionally. However, the claimant should not climb ladders, ropes, scaffolds, work with unprotected heights, operate heavy equipment,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7

be exposed to extreme cold or extreme heat. Last, the claimant should change position every two hours and only occasionally climb ramps, climb stairs, balance, kneel or crawl.

Tr. 25. At step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 29-30. At step five, the ALJ found that considering the Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 30. The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since September 29, 2009, the date the application was filed. Tr. 31.

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ erred in finding Plaintiff not credible; (2) the ALJ erred by improperly rejecting the opinion of Dr. Kyle Heisey; (3) the ALJ erred by failing to consider the GAX Opinion; and (4) the ALJ erred by failing to include Plaintiff's need to elevate his legs in the RFC. ECF No. 17 at 7-20. Defendant argues: (1) the ALJ properly discounted Plaintiff's credibility; (2) the ALJ provided specific and legitimate reasons to reject the opinion of Dr. Kyle Heisey; (3) the ALJ did not err in not considering the GAX Opinion; and (4) the ALJ's RFC finding was supported by substantial evidence. ECF No. 22 at 7-18.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

**DISCUSSION**

**A. Credibility**

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's statements about his or her symptoms alone will not suffice. *Id*. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

claimant's work record; and (5) testimony from physicians or third parties

concerning the nature, severity, and effect of the claimant's condition. *Id.* Absent

any evidence of malingering, the ALJ's reasons for discrediting the claimant's

testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d

661, 672 (9th Cir.2012) (quotation and citation omitted).

The ALJ "need not totally accept or totally reject [Plaintiff's] statements."

See Social Security Ruling ("SSR") 96-7p at *4, *available at* 1996 WL 374186

(July 2, 1996). He or she may find certain statements to be credible, but discount

other statements based on consideration of the record as a whole. *Id*. For example,

the ALJ may find Plaintiff's abilities are affected by the symptoms alleged, but

"find only partially credible the individual's statements as to the extent of

functional limitations or restrictions due to the symptoms." *Id*.

Plaintiff argues the ALJ erred by improperly rejecting Plaintiff's credibility.

ECF No. 17 at 18-20. The ALJ found Plaintiff's "statements concerning the

intensity, persistence and limiting effects of these symptoms are only partially

credible, at best. Simply put, the frequency and severity alleged by [Plaintiff] were

not supported by the medical evidence when read as a whole." Tr. 27. The ALJ

listed multiple reasons in support of the adverse credibility finding.

First, the ALJ found several of Plaintiff's statements at the hearing were

inconsistent with, or not corroborated by, medical evidence in the record. Tr. 25-

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 10

26. Subjective testimony cannot be rejected solely because it is not corroborated by objective medical findings, but medical evidence is a relevant factor in determining the severity of a claimant's impairments. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Plaintiff testified that while diabetes did not affect his ability to stand, it did affect how long he could stand at one time, which was limited to ten to fifteen minutes before he had to sit down. Tr. 48-49, 50-51. He also testified that when he stood longer than that amount of time he felt pressure and swelling in his calves. However, the ALJ found no "medical evidence [that] elevating his legs was recommended by a treating source." Tr. 26; *see* Tr. 383, 400, 403. In March 2010 Plaintiff "denie[d] any foot problems." Tr. 386. In July 2010 Plaintiff reported no worsening of the pain with weight bearing, and indicted that pain symptoms occurred even when resting. Tr. 399. In September 2010 Plaintiff reported that his neuropathy was "getting worse" but it was "not a painful situation." Tr. 400. At that same visit, Plaintiff reported "some intermittent bilateral calf tightness and what he perceives as swelling only over the calves that lasts for a couple hours at a time," but "no other associated edema;" and the objective record at the time noted that Plaintiff's calves appeared normal. Tr. 400.

The ALJ also found that despite Plaintiff's testimony that he would miss one day of work because of high and low blood sugar, "there is no record of significant episodes of hypoglycemic incidents in the relevant adjudicatory period other than

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

his self-reports in 2011. Instead, the record showed he missed insulin doses and did not adhere to a diabetic diet at all times." Tr. 26, 306, 361, 398, 404. All of these inconsistencies between Plaintiff's testimony and the objective record were properly considered by the ALJ, and they did not form the sole basis for her adverse credibility finding.

Although not addressed by Plaintiff in his briefing, the ALJ additionally noted that Plaintiff testified that he served a jail sentence in 1990 for possession of cocaine with intent to distribute, and denied any alcohol or drug use. Tr. 55-56. In 2008 Plaintiff reported to a medical provider that he was not currently using drugs, "nor had he ever done so." Tr. 312. However, medical records show Plaintiff was also incarcerated in 2009 (Tr. 343), received authorization for medical marijuana use in December 2010 (Tr. 445), and reported marijuana use to medical providers in the years prior to the medical marijuana authorization (Tr. 314). Thus, the ALJ found that "[a]lthough the inconsistent information provided by the claimant may not be the result of a conscious intent to mislead, the inconsistencies suggest the information provided by the claimant generally may not be entirely reliable." Tr. 26.  Inconsistency between Plaintiff's testimony and his conduct is a valid reason to reject Plaintiff's testimony. *Chaudhry,* 688 F.3d at 672; *see also Thomas*, 278 F.3d at 959 (conflicting information about drug or alcohol use may support the ALJ's "negative conclusions about [Plaintiff's] veracity"); *Bunnell v. Sullivan*, 947

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 12

F.2d 341, 346 (9th Cir. 1991) (an ALJ may discredit a claimant's allegations based on relevant character evidence). This is a clear and convincing reason to reject Plaintiff's subjective testimony.

Last, the ALJ reasoned that Plaintiff's activities of daily living were inconsistent with a finding of total disability. Tr. 26-27. Evidence about daily activities is properly considered in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). It is well-settled that a claimant need not be utterly incapacitated in order to be eligible for benefits. *Id.*; *see also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("the mere fact that a plaintiff has carried on certain activities…does not in any way detract from her credibility as to her overall disability."). However, even where activities "suggest some difficulty functioning, they may be grounds for discrediting the [Plaintiff's] testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012).

In this case, Plaintiff testified that in a typical day he gets up around 7 a.m. and takes his six year old daughter to school, performs household chores and yard work, cares for a puppy, washes dishes, takes 15 minute walks for strengthening, and goes to the library to use the computer. Tr. 56-57. The ALJ concluded that "[t]hese admitted activities of daily living at [the] hearing and in his own function reports were not suggestive of an individual who was totally disabled." Tr. 26-27.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

It is noted that Plaintiff's report of washing dishes is moderated by complaints of discomfort and stopping to elevate his feet if necessary. Tr. 51. However, while evidence of Plaintiff's daily activities may be interpreted more favorably to the Plaintiff, "where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)("[t]he ALJ is responsible for determining credibility"). Thus, the ALJ reasonably considered Plaintiff's daily activities in finding Plaintiff only partially credible.

As a final matter, Plaintiff alleges the ALJ erred by finding that "[b]ecause the claimant knew his benefit eligibility was dependent upon these evaluations, there is the motivation to present symptoms more severe than was proven through objective tests and examinations." Tr. 28. First, this statement was made in the section of the ALJ's decision explaining her rejection of Dr. Heisey's opinion; not as part of his reasoning regarding Plaintiff's credibility. Further, despite the ALJ's failure to cite evidence of improper motivation on the part of the Plaintiff, any error is harmless because, as discussed above, the ALJ's remaining reasoning and ultimate credibility finding is adequately supported by substantial evidence. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). For all of these reasons, and having thoroughly reviewed the record, the court

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14

1   concludes that the ALJ supported his adverse credibility finding with specific,

2   clear and convincing reasons supported by substantial evidence.

3   **B. Medical Opinions**

4          There are three types of physicians: "(1) those who treat the claimant

5   (treating physicians); (2) those who examine but do not treat the claimant

6   (examining physicians); and (3) those who neither examine nor treat the claimant

7   [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

8   *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted).

9   Generally, a treating physician's opinion carries more weight than an examining

10  physician's, and an examining physician's opinion carries more weight than a

11  reviewing physician's. *Id.*  If a treating or examining physician's opinion is

12  uncontradicted, the ALJ may reject it only by offering "clear and convincing

13  reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d

14  1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's

15  opinion is contradicted by another doctor's opinion, an ALJ may only reject it by

16  providing specific and legitimate reasons that are supported by substantial

17  evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)).

18  "However, the ALJ need not accept the opinion of any physician, including a

19  treating physician, if that opinion is brief, conclusory and inadequately supported

20  by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 15

1    (9th Cir. 2009)(quotation and citation omitted). Plaintiff argues the ALJ committed

2    reversible error by (1) improperly rejecting the opinions of Kyle Heisey, M.D.; and

3    (2) improperly omitting the GAX Decision from her decision. ECF No. 17 at 8-16.

4    **1. Dr. Kyle Heisey**

5        In January 2008 Dr. Heisey completed a DSHS evaluation assessing

6    Plaintiff's overall work level as medium and finding that Plaintiff's "nutritional

7    status and weakness secondary to poor [diabetes] control limits ability to do heavy

8    work." Tr. 285. A few months later, in April 2008, Dr. Heisey found Plaintiff's

9    overall work level to be "severely limited" and diagnosed type I diabetes with

10    peripheral neuropathy, retinopathy, nephropathy, and hypertension. Tr. 288-90. In

11    March 2009 and October 2009 Dr. Heisey again opined that Plaintiff's overall

12    work level was "severely limited" based on the same diagnosis assessed in 2008;

13    and "suspect[ed] that [Plaintiff's] disabilities may be permanent." Tr. 290-91, 337-

14    38. In June 2011 Dr. Heisey completed a medical report finding that Plaintiff may

15    "possibly" need to lie down if his blood sugar was low, and opining that "labile

16    blood sugars *might* make it necessary for [Plaintiff] to miss work" one day per

17    month. Tr. 389 (emphasis added). Again, Dr. Heisey noted Plaintiff had type one

18    diabetes "with risks of dangerously low blood sugar at times – he has hypertension,

19    neuropathy and mild renal insufficiency." Tr. 389. In September 2010, Dr. Heisey

20    completed a functional assessment indicating that Plaintiff work function was

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 16

1  permanently impaired and limited patient to standing and sitting for two hours in

2  an eight hour work day, lifting 10 pounds occasionally, and lifting 1-2 pounds

3  frequently. Tr. 437. The comments section elaborated that Plaintiff "suffers from

4  type I [diabetes] with peripheral neuropathy in the feet. This causes numbness and

5  pain and is exacerbated by standing, walking and more strenuous physical

6  activities. This prohibits most forms of work available to him." Tr. 438.

7      The ALJ identified Dr. Heisey as Plaintiff's treating physician but his

8  opinion "was not given controlling weight." Tr. 27-28. Plaintiff argues that the

9  ALJ improperly rejected the opinion of Dr. Heisey and relied instead on the

10  opinion of a "non-examining medical advisor." ECF No. 17 at 8. Although not

11  identified by name in his brief, Plaintiff is presumably referring to the expert

12  medical testimony by Dr. Minh Vu which was given significant weight by the ALJ.

13  Tr. 27. Plaintiff is correct that "[t]he opinion of a nonexamining physician cannot

14  *by itself* constitute substantial evidence that justifies the rejection of the opinion of

15  either an examining or a treating physician." *Lester v. Chater*, 81 F.3d 821, 831

16  (9th Cir. 1995)(emphasis added). However, where, as here, the treating physician's

17  opinion is contradicted by medical evidence, the opinion may still be rejected if the

18  ALJ provides specific and legitimate reasons supported by substantial evidence in

19  the record. *See Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995). The ALJ

20  offered several additional reasons for rejecting Dr. Heisey's opinion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 17

First, the ALJ found Dr. Heisey's opinion that Plaintiff was "severely limited" was not "consistent with the relatively benign clinical and examination findings reported in the treatment notes covering the same period." Tr. 28. Consistency with the medical record as a whole, and between a treating physician's opinion and his or her own treatment notes, are relevant factors when evaluating a treating physician's medical opinion.  *See Bayliss*, 427 F.3d at 1216 (discrepancy between treating physician's opinion and clinical notes justified rejection of opinion); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (ALJ may reject treating physician's opinion that is unsupported by record as a whole, or by objective medical findings"). Moreover, "an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957.

Here, the ALJ found that Dr. Heisey "rendered opinions on a continuum the claimant was capable of medium exertional work to 'severely limited.' Yet, at the same time in those opinions he did state the claimant was able to participate in pre-employment activities." Tr. 28, 285, 290, 337-38. Moreover, medical records during the time period that Dr. Heisey opined Plaintiff was "severely limited," which consist largely of Dr. Heisey's own treatment notes, indicate that Plaintiff's "conditions and overall control of the symptoms were much better due to dietary changes, taking insulin as directed and eating regular meals." Tr. 28, 396. In June

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 18

2008 Plaintiff reported one high blood sugar but acknowledged that it was "related to snacks he ate last night." Tr. 307.  Another record from June 2008 indicates that Plaintiff has diabetes "without mention of complication." Tr. 362. In July 2008 Plaintiff reported his blood sugars were "doing better" and he was counseled about "the importance of eating after physical exertion and not skipping meals." Tr. 306. In January 2009 Plaintiff stated his sugars were doing "pretty well" and that medication is "somewhat effective" in controlling his neuropathy pain. Tr. 343. In March 2009 Plaintiff reported "some left foot pain" and objective findings indicated pain to palpitation but his gait was normal and he could walk on toes and heels and do a deep knee bend. Tr. 344. In October 2009 Plaintiff reported feeling "pretty well" despite pain in both feet. Tr. 357.  In March 2010, Plaintiff complained of high blood sugars but "denie[d] any foot problems." Tr. 386. In July 2010 Plaintiff reported that he felt numbness on his toes but "[i]t [was] not a painful situation" and he would "return if it seems to be bothering him more persistently." Tr. 400. On this same date, Dr. Heisey described the left lateral foot pain as "possibly" related to diabetic neuropathy and stated "[i]t is not disabling." Tr. 399.

Objective findings from 2008-2010 almost uniformly found "no apparent distress." Tr. 306-309, 312, 343, 344, 346, 360, 386. As noted by the ALJ, Plaintiff was never hospitalized due to his diabetes condition, hypoglycemia, neuropathy or

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 19

1  hypertension. Tr. 28, 53, 312. The record showed no hypoglycemic episodes aside

2  from those self-reported by Plaintiff in 2011. See Tr. 386, 394, 396, 403, 408, 451.

3  Thus, after an exhaustive review of the medical record, the court finds that

4  inconsistencies between Dr. Heisey's opinion that Plaintiff was "severely limited,"

5  and the treatment notes and objective findings from the same period, was a specific

6  and legitimate reason for the ALJ to reject Dr. Heisey's opinion.

7      Additionally, the ALJ did not give Dr. Heisey's opinion controlling weight

8  because it was based on Plaintiff's self-reports which the ALJ properly found to be

9  not credible. Tr. 28; *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)

10  ("[a]n ALJ may reject a treating physician's opinion if it is based 'to a large extent'

11  on a claimant's self-reports that have been properly discounted as incredible."). In

12  addition to the valid reasons discussed above for the ALJ to partially discount

13  Plaintiff's credibility, the ALJ notes that Dr. Heisey "had also noted that the

14  claimant had not been compliant with treatment." Tr. 27-28.  "[U]nexplained or

15  inadequately explained failure to seek treatment or to follow a prescribed course of

16  treatment" is a relevant factor in weighing Plaintiff's credibility. [1] *Tommasetti*, 533

17  [1] In his reply brief only, Plaintiff responds to Defendant's argument that the ALJ

18  relied on Plaintiff's  failure to follow prescribed treatment as a factor in

19  determining credibility by arguing that the ALJ did not comply with "due process

20  requirements" as per SSR 82-59. ECF No. 23 at 109-111. However, Plaintiff's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 20

F.3d at 1039. Plaintiff acknowledged that he "often misses his evening dose of

insulin" (Tr. 361) and reported a diet high in carbohydrates; despite repeated

counseling from medical providers that compliance with insulin and lifestyle

changes, including controlling diet, was necessary to control diabetes. Tr. 28, 306,

398, 404. For all of these reasons, the ALJ properly discounted Plaintiff's self-

reports as "only partially credible with regard to his foot symptoms and not

credible in a finding of total disability." Tr. 26, 28. This was a specific and

legitimate reason for rejecting Dr. Heisey's opinion.

Plaintiff does not address these specific and legitimate reasons given by the

ALJ in finding Plaintiff's testimony partially credible. Rather, Plaintiff primarily

argues that the ALJ committed reversible error by making findings indicating "bias

and prejudice" toward Dr. Heisey; and further contends that this bias is not

"rendered harmless by the fact that the ALJ may have provided a 'specific and

legitimate' reason for rejecting the treating provider." ECF No. 17 at 9-11 (citing

argument is misplaced. The procedures mandated by SSR 82-59 "only apply to

claimants that would otherwise be disabled within the meaning of the Act."

*Roberts v. Shalala*, 66 F.3d 179, 183 (9th Cir. 1995). Here, as discussed by the

court in detail, the ALJ's finding that Plaintiff was not disabled within the meaning

of the Act was supported by substantial evidence and not solely based on

Plaintiff's failure to follow treatment recommendations.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 21

*Wentworth v. Barnhart*, 71 Fed. App'x 727, 728-29 (9th Cir. 2003)). In support of

this argument, Plaintiff cites the ALJ's finding that the DSHS evaluations

completed by Dr. Heisey were accorded limited weight because

> their conclusions are based upon once a year evaluations designed for the
> purpose of determining eligibility for state general assistance benefits. This
> created the possibility [sic] a doctor, like Dr. Heisey, may have expressed
> these opinions in an effort to assist a patient with whom he sympathizes for
> one reason or another. Another reality worth mentioning is that patients can
> be quite insistent and demanding in seeking supportive notes or reports from
> their physicians, who might provide such a note to satisfy their patient
> request and avoid unnecessary doctor/patient tension.

Tr. 28. It is well-settled in the Ninth Circuit that the purpose for which a report is

obtained does not provide a legitimate basis for rejecting it. *See Lester v. Chater*,

81 F.3d 821, 832 (9th Cir. 1995)("'The Secretary may not assume that doctors

routinely lie in order to help their patients collect disability benefits.' While the

Secretary 'may introduce evidence of actual improprieties,' no such evidence

exists here."). Here, the ALJ identifies no evidence in the record of an actual bias

or impropriety on the part of Dr. Heisey. Thus, any alleged advocacy by Dr.

Heisey was not a legitimate reason for the ALJ to discredit Dr. Heisey's opinion.

Despite this error, Plaintiff's argument that these findings indicate bias by

the ALJ against Dr. Heisey is inapposite. *Wentworth*, the sole unpublished case

offered by Plaintiff to support this argument, is distinguishable because in

*Wentworth* the court explicitly found that the ALJ improperly rejected the doctor's

opinion based on prior experiences with that doctor in unrelated cases; whereas

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 22

here the ALJ did not reference any past experience with testimony from Dr.

Heisey. *See Wentworth*, 71 Fed App'x at 728-29. Aside from reliance on

*Wentworth*, Plaintiff offers no legal argument or evidence of bias against Dr.

Heisey within the context of this case, and certainly nothing "so extreme as to

display clear inability to render fair judgment." *Rollins v. Massanari*, 261 F.3d

853, 858 (9th Cir. 2001) (ALJs are presumed to be unbiased within the conduct of

their official duties). Thus, while the ALJ erred in considering the purpose for

which Dr. Heisey's opinion was obtained; the error was harmless because, as

discussed above, the ALJ articulated additional specific and legitimate reasons for

rejecting Dr. Heisey's opinion that were supported by substantial evidence.  *See*

*Carmickle*, 533 F.3d at 1162-63.

## 2.  GAX Decision

The record contains a form entitled "Certification for Medicaid: GAX

Decision" ("GAX Decision") that included a checked box "approving" Plaintiff's

application and including the following typed comment: "43 [sic] yo female with

diabetes [sic] an assoc neuropathy, myopathy and cardiovascular complications.

opinion to severely limited. [sic] iam unable to refute this. ssi allowance." Tr. 300.

The "GAX Contractor" listed is Dr. J. Dalton. Tr. 300. The ALJ did not mention

this form or Dr. J. Dalton in the decision.

1    Plaintiff argues the ALJ erred by failing to consider the GAX Opinion. ECF

2    No. 17 at 13-16. However, this form does not constitute medical opinion evidence

3    of disability. An ALJ is not required to discuss each piece of evidence in the

4    record, but must explain why significant probative evidence has been rejected.

5    *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).  The form has no

6    signature, although both parties appear to accept that it was completed by "GAX

7    Contractor" Dr. J. Dalton. Tr. 300. The typed comment provides no explanation or

8    analysis; nor does it appear to offer a definitive conclusion aside from the box

9    checked "approved" and the sentence fragment "ssi allowance." Tr. 300.  "The

10    ALJ need not accept the opinion of any physician, including a treating physician, if

11    that opinion is brief, conclusory, and inadequately supported by clinical findings."

12    *Thomas*, 278 F.3d at 957. The limited narrative content is almost incomprehensible

13    without context, and the term "disability" is not mentioned anywhere on the form.

14    For all of these reasons, the "GAX Decision" is not significant probative evidence.

15    Plaintiff also argues that it was reversible error for the ALJ to "ignore the

16    other governmental findings on the ultimate issue of disability." ECF No. 17 at 15-

17    16. However, the regulation cited in support of this argument, 20 C.F.R. §

18    404.1512(b)(5), only identifies "decisions by any governmental or

19    nongovernmental agency about whether you are disabled or blind," as evidence

20    that may be used by a claimant to prove they are blind or disabled. The regulation

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 24

1    does not dictate that this evidence *must* be considered by the ALJ. Moreover,

2    Plaintiff argues that the ALJ should be required to give the GAX Decision at least

3    as much weight as a VA Decision. ECF No. 17 at 15-16; *see Turner v. Comm'r of*

4    *Soc. Sec.*, 613 F.3d 1217, 1225 (9th Cir. 2010) (ALJ must give great weight to a

5    VA determination of disability unless he or she "gives persuasive, specific, valid

6    reasons for [giving less weight] that are supported by the record."). However,

7    Plaintiff cites no authority that would require state agency disability determinations

8    to be treated the same as VA disability determinations. Rather, pursuant to 20

9    C.F.R. § 416.904, a determination by another governmental agency as to disability

10    is not binding on the SSA. Thus, Plaintiff's argument is unavailing. The ALJ did

11    not err in not considering the GAX Decision.

12    **C. RFC**

13       Plaintiff argues that the ALJ was correct in "giving [Plaintiff] weight

14    regarding his feet pain caused by neuropathy but committed reversible error by

15    subsequently finding his need to elevate his legs was not supported by evidence."

16    ECF No. 17 at 17-18.  Plaintiff testified that if he stands for longer than 15 minutes

17    he has to take a break and elevate his legs because of the pressure in his calves. Tr.

18    48. He further testified that this need to elevate his legs would be a "barrier to a

19    potential employer." Tr. 26, 51-52. The vocational expert testified that an

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 25

1    individual who needed to elevate their legs for 15 minutes every hour would not be

2    able to maintain competitive employment. Tr. 62.

3         Plaintiff is correct that "[a]n ALJ cannot cherry pick evidence which

4    supports a predetermined decision and disregard all other evidence," and she "must

5    view the record as a whole." ECF No. 17 at 17. However, aside from Plaintiff's

6    properly discounted testimony, Plaintiff does not cite to any evidence in the record

7    that would support the alleged limitation regarding leg elevation; nor does he

8    identify any portions of the record that the ALJ allegedly disregarded. The court

9    may decline to address this issue as it was not raised with specificity in Plaintiff's

10   briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2

11   (9th Cir. 2008). Moreover, as discussed above, the ALJ properly found Plaintiff's

12   statements partially credible *only* with the respect to the foot pain caused by his

13   neuropathy. Tr. 27-28. The ALJ "considered the limitations due to neuropathy in

14   the claimant's feet in viewing the evidence in the light most favorable to him" (Tr.

15   29); and this finding is reflected in the RFC by limiting walking and standing for

16   up to four hours a day and no more than 30 minutes at a time without being able to

17   sit down (Tr. 25).

18        As noted by the Defendant, it is the ALJ who is responsible for determining

19   credibility; and where the evidence is susceptible to more than one rational

20   interpretation, the ALJ's decision must be upheld. *Andrews*, 53 F.3d at 1039-40.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 26

The ALJ found that there was no recommendation to elevate Plaintiff's legs in the medical record. Tr. 26. Moreover, the medical expert, Dr. Minh D. Vu testified that Plaintiff should be allowed to change positions every hour or so but did not think Plaintiff would need to elevate his legs. Tr. 27, 47. For these reasons, and as discussed above, the ALJ did not err in discounting Plaintiff's credibility including the need to elevate his feet; and the ALJ did not err in failing to include this alleged limitation in the RFC.

## CONCLUSION

After review the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

2.  Defendant's Motion for Summary Judgment, ECF No. 22, is

    **GRANTED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE** the file.

**DATED** this 14th day of May, 2014.

$\qquad$ _s/Fred Van Sickle_$\qquad$
Fred Van Sickle
Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 27